

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

ERALD C. MANN
ATTORNEY GENERAL

March 10, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 0-400
Re: Stores are in the same chain
when controlled by same group
of persons

This is in answer to your letter of February 25, 1939, part
of which reads as follows:

"A owns one-half interest in thirty stores.
The other one-half interest in each of the thirty
stores is owned by each of thirty different indi-
viduals. Are those thirty stores to be consider-
ed as a chain in computing the chain store tax?

"A corporation owns and operates a chain of
stores. The majority stockholders in such cor-
poration also own under a partnership another
chain of stores. Is the partnership and the cor-
poration to be taken into consideration as consti-
tuting one chain when computing the chain store
tax?"

We understand by your first question that each of these
thirty stores are owned by two people, each having a half interest
in the store; that one of the half interests in each store is owned
by "A", and that the other half interest in each store is owned by
some other person; this other person being a different individual in
each of the different stores. Thus, there are thirty persons who
each own a half interest in a different store, and the other half
interest in each store is owned by "A".

We understand by your second question that the majority
stockholders in the corporation also own the majority interest in
the partnership.

In the case of the partnerships in both of the questions,
we assume that they are ordinary partnerships without any agreement
vesting control of management in one of the partners or in some
other person.

Honorable Geo. H. Sheppard, March 10, 1939, Page 2

The Texas chain store tax law is known as House Bill No. 18, Acts 1935, Forty-fourth Legislature, First Called Session, and it is codified as Article 1111d in Vernon's Annotated Penal Code of Texas.

The sections of the law that determine the answer to your questions are Section 6 and Section 7.

Section 6 of the law provides:

"The provisions of this Act shall be construed to apply to every person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, which is controlled or held with others by majority stock ownership or ultimately controlled or directed by one management or association of ultimate management."

Section 7 of the law provides:

"The term 'store' as used in this Act shall be construed to mean and include any store or stores or any mercantile establishment or establishments not specifically exempted within this Act which are owned, operated, maintained, or controlled by the same person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, in which goods, wares or merchandise of any kind are sold, at retail or wholesale."

It will be noticed that Section 6 provides that this law shall apply to every firm "which is * * * ultimately controlled or directed by one management or association of ultimate management"; and that Section 7 says that the "term 'store' * * * shall be construed to mean * * * any stores or any mercantile establishmemtn * * * controlled by the same person, * * * corporation, copartnership or association * * *."

The key words in these sections are "management" and "controlled". If the stores in question are under the same management or control, then they are in the same "chain".

The words "manage" and "control" were commented on by the Supreme Court of Texas in the case of Anderson vs. Stockdale, 62 Tex. 54, as follows:

"The usual and ordinary signification of the word 'control' is the same as the word

Honorable Geo. H. Sheppard, March 10, 1939, Page 3

'manage', which is to have authority over the particular matter, to check, to restrain, to govern with reference thereto."

A similar comment was made by the Court of Criminal Appeals of Texas in the case of Easley vs. State, 87 Tex. Cr. R. 444, 222 S.W. 570, as follows:

"Control means to manage, to govern, to have authority over, etc. Anderson vs. Stockdale, 62 Tex. 64. Control and management are synonymous. Youngsworth vs. Jewell, 15 Nev. 45."

These definitions in the Texas cases are in accord with the definitions stated by the courts of other states, as shown by the following cases:

Ure vs. Ure, 185 Ill. 216, 56 N.E. 1087
Petition of Hendricks, 251 Mich. 636, 232 N.W. 350
City of Topeka vs. Independence Indemnity Co., 130 Kan. 650, 287 Pac. 708
Neilson vs. Alberty, 36 Okla. 490, 129 Pac. 847

The Texas authorities, as well as the other authorities cited, clearly indicate that to manage and to control means the same thing, and that these terms both mean to restrain, to have authority over, and to govern.

The thirty stores that you ask about in your first question are each partnerships. Where is, and who has, the management and control of each of these stores? This question is partially answered in the case of Oil Lease & Royalty Syndicate vs. Beeler (Tex. Ct. Civ. App.) 217 S. W. 1054, as follows:

"So far as relates to ordinary partnerships, the control and management of the business is with the majority of the partners, although it may by agreement be committed to one or more of the partners."

The common owner in these stores, whom you designate as "A", only owns a one-half interest in each of the stores. He does not own a majority interest and, therefore, he cannot control or manage these stores. As far as "A" is concerned, the stores are not under the same management or control; and it is apparent that there is no common management or control from any other standpoint.

Your second question involves a corporation; and we must decide who controls and has the management of a corporation. This question is answered in the language of three cases from which we

will quote.

In the case of Commonwealth vs. L. & N.R. Co., 149 Ky. 829, 150 S.W. 37, the Court of Appeals of Kentucky said:

"The statute requires that the railroad company shall report to the Auditor of Public Accounts its entire lines 'operated, owned, leased or controlled' in and out of the state. If the railroad company owns a majority of the stock of another company, so that it may elect its directors and dictate its policy, there can be no doubt that it controls it within the meaning of the statute, and that such other railroad should be included in the report required to be made to the Auditor."

In the case of L. & N. R. Co. vs. Commonwealth, 181 Ky. 93, 204 S.W. 94, the Court of Appeals of Kentucky said practically he same thing in language as follows:

"We are inclined to the opinion that the definition of the word 'control' which the statute contemplated was an actual control by the reporting company owning in its name sufficient stock in the controlled company to dictate and direct its policy."

In the case of Y. & M.V. R. Co. vs. Searles, 85 Miss. 520, 37 Sou. 939, 68 L.R.A. 715, the Supreme Court of Mississippi said:

"'Control' of the business of a corporation, writing the meaning of all anti-trust legislation, so far as by our researches we have been able to discover, means power to dictate the corporate action of the corporation, not the mere management of some special, limited department of its operations."

These cases bring out the point that a majority of the stockholders control and have the right to manage a corporation.

If this same group of majority stockholders in the corporation also constitute a majority in another business, which is a partnership, they also control and have the right to manage this partnership business. This is by virtue of the rule stated in Oil Lease & Royalty Syndicate vs. Boeler, supra. In other words, the same group controls and has the right to manage both the corporation and the partnership. The two concerns come within the terms of Section 6 in that they are "ultimately controlled * * * by one management or asso-

Honorable Geo. H. Sheppard, March 10, 1939, Page 5

ciation of ultimate management"; and they come within the terms of Section 7 in that they are "controlled by the same person * * * or association".

It is our belief that the phrase "which is * * * controlled * * * by one management or association of ultimate management" in Section 6, and the phrase "stores * * * controlled by the same copartnership or association" in Section 7, does not mean that the control or management must be in one individual person, but it means what it says, and that is the stores are in the same chain if the control and management is in the same association or copartnership. By the same association or copartnership as used there is meant the same group of people.

If a group of three men, or any other number, could restrain or govern, or had authority over several stores, having authority over some of the stores by virtue of owning a majority of the stock of the corporation that held the title to those stores, and having authority over the other stores by virtue of being majority owners of the partnership that owned them, then those stores would all be in the same chain just the same as if one individual person controlled all of the stores.

Our answer to your first question is "no"; and our answer to your second question is "yes".

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Cecil C. Rotsch
Assistant

CCR:FG

APPROVED:

ATTORNEY GENERAL OF TEXAS